UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BAYSELL RODRIGUEZ ROSARIO,

Petitioner,

v. Case No.: 2:26-cv-02451-SPC-KRH

DAVID HARDIN *et al.*,

Respondents,
_________________________________/

**OPINION AND ORDER**

Before the Court is Baysell Rodriguez Rosario's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 5), and Rodriguez Rosario's reply (Doc. 6).

Rodriguez Rosario is a native of Cuba who was paroled into the United States in 1988, when he was 11 years old. He has lived in the United States since then and has obtained work authorization, started a business, and married a U.S. citizen. In 2000, he pleaded guilty to conspiracy to distribute marijuana and was sentenced to 24 months in prison. Rodriguez Rosario re-entered society after serving his sentence, and for more than 20 years, immigration officials made no attempt to detain or deport him. That changed on August 24, 2026, when Immigration and Customs Enforcement (ICE) officers arrested Rodriguez Rosario outside his home in Cutler Bay, Florida.

Rodriguez Rosario claims the arrest and resulting detention violated the Due Process Clause of the Fifth Amendment because he was not in removal proceedings and was not served with a warrant. In response, the government produces a Warrant for Alien Arrest and a Notice to Appear (NTA). Both are dated August 24, 2026, and were purportedly served on Rodriguez Rosario on that date. Neither document explicitly states when they were served in relation to the arrest, but there are clues. Both documents state they were served at Miramar, Florida, where Rodriguez Rosario was taken *after* being arrested and where he spent his first day in detention. What is more, the NTA identifies Glades County Detention Center as Rodriguez Rosario's current residence. He was not transferred there until August 25, 2026. What is more, ICE did not officially open a removal case until August 27, 2026, when it docketed the NTA. Thus, the evidence indicates the warrant and NTA were served after Rodriguez Rosario's detention began.

With the factual dispute resolved, the Court turns to the legal basis for detention. The government certifies it is detaining Rodriguez Rosario under the mandatory detention provision of 8 U.S.C. § 1226(c) because of Rodriguez Rosario's 2000 controlled substance conviction. Rodriguez Rosario does not dispute that he satisfies the criteria for detention under 1226(c), but he still has a constitutional right to due process.

The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).

The Court finds a clear Fifth Amendment violation here because the government did not afford Rodriguez Rosario the process required by governing statutes and regulations. 8 U.S.C. § 1226(a) states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The warrant requirement applies to all arrests under § 1226, even though subsection (c) removes some discretion regarding detention. The timing of the warrant, notice to appear, and arrest is important. 8 C.F.R. § 1236.1(b) states, "*At the time of issuance of the notice to appear, or at any time thereafter* and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant

of Arrest." (emphasis added). A notice to appear gives the alien notice of the alleged grounds for removability and commences the removal proceeding, in which the detainee can challenge both removal and detention. An alien arrested before issuance of a notice to appear has no notice of the underlying reason for the arrest or an opportunity to challenge it.

The government violated Rodriguez Rosario's right to due process by arresting and detaining him without a warrant and before he was in removal proceedings. "ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here." *Gopie v. Lyons*, No. 25-cv-5229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025)

Accordingly, it is hereby

**ORDERED**:

Baysell Rodriguez Rosario's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1) The respondents shall release Rodriguez Rosario within 24 hours of this Order and facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE and ORDERED** in Fort Myers, Florida on September 16, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record